THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. IRVING ELLINGTON, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, dated October 29, 1962, which denied without a hearing his application to vacate a judgment of the former County Court, Queens County, rendered August 12, 1959 after a jury trial, convicting him of forgery and grand larceny (both in the second degree), and imposing sentence upon him as a second felony offender. By order dated November 5, 1962, defendant's motion to reargue this *coram nobis* application was granted, and upon reargument the court adhered to its original decision as contained in the prior order of October 29, 1962. While defendant failed to take an appeal from the subsequent order made upon reargument, we have reviewed such order, together with the prior order, pursuant to the authority conferred upon us by statute (Code Crim. Pro., § 524-b). The judgment of conviction was previously affirmed by this court (13 A D 2d 700, reargument denied 14 A D 2d 696, leave to appeal to the Court of Appeals denied June 5, 1961 [FULD, J.], cert. denied, 368 U. S. 995). Order of October 29, 1962 and November 5, 1962, reversed on the law, and the matter remitted to the Supreme Court, Queens County, Criminal Term, for further proceedings not inconsistent herewith. The findings of fact below have not been considered. Defendant contended, *inter alia,* that

the prosecution failed to inform the jury with respect to any promise of leniency made to the accomplice McCoy, who testified on behalf of the People. The record shows that the jury was given the impression that McCoy was not promised leniency and that the jury was not advised to the contrary by either the Assistant District Attorney or the Trial Judge. Subsequent to defendant's conviction and sentence, McCoy, who, prior to defendant's trial was permitted to plead to the lesser crime of petit larceny, was placed on probation and execution of the judgment against him was suspended. The stenographic minutes of his sentence contain the following comments by the same Judge who presided at defendant's trial: "McCoy, you performed; you told the truth. You assisted the People. I made you no promise when I took the plea from you, but it was indicated that if you were on the level, it would help you. You stood up, and you testified and you told the truth. * * * Do you remember that? * * * As a result of your cooperation and the fact that you haven't been convicted of anything * * *, the execution of judgment is suspended and you are placed on probation for an indefinite period." In view of the foregoing remarks of the sentencing Judge, we deem it necessary that a hearing be held to determine whether any promise of leniency was made to McCoy to induce him to co-operate with the District Attorney in the prosecution of this defendant. If such a promise was in fact made, then the failure to bring "such an understanding" to the attention of the jury would constitute reversible error where, as here, the jury was led to believe that McCoy was not promised leniency (*People* v. *Mangi,* 10 N Y 2d 86, 89; *People* v. *Savvides,* 1 N Y 2d 554). Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.