THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLEMON RANDOLPH, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered September 11, 1972, convicting him of criminal possession of a forged instrument in the second degree, upon a jury verdict, and sentencing him to an indeterminate prison term not to exceed seven years. Case remitted to the County Court, Suffolk County, for a hearing and determination in accordance with the views herein set forth. In the interim the appeal will be held in abeyance. One of the key prosecution witnesses at defendant's trial was Eddie Williams, who had been indicted together with defendant. The jury was made aware of the fact that Williams was under indictment and that the case against him was still pending. The gist of Williams' testimony was that no promises of leniency had been made to him in return for his co-operation. During summation the prosecutor unequivocally stated that Williams had testified without the benefit of any promise by the District Attorney's office or the police. On this appeal, defendant alleges, without dispute by the People, that approximately four months after this trial the indictment against Williams was dismissed upon application by the District Attorney's office and that an affidavit presented by that office upon the application stated, in part, that some sort of understanding had been reached between an Assistant District Attorney and Williams and his attorney some four months prior to the trial. If, in fact, a promise of leniency or an offer of any other *quid pro quo*

was extended to Williams prior to the trial, the failure to make full disclosure of that fact to the jury requires a new trial (*People* v. *Savvides*, 1 N Y 2d 554; *People* v. *Mangi*, 10 N Y 2d 86; *People* v. *Ellington*, 19 A D 2d 654; *People* v. *Graziano*, 38 A D 2d 127). In our opinion, a hearing and determination is therefore necessary on the issue of whether any understanding was reached between the District Attorney's office and Williams. At the hearing the circumstances surrounding any such understanding and the subsequent dismissal of the indictment as against Williams should be fully explored. Munder, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.