STATE OF CONNECTICUT *v.* ANONYMOUS (1977–4)\*

APPELLATE SESSION OF THE SUPERIOR COURT

PARSKEY, J. The crimes of which the defendant stands convicted involved breaks and thefts at a food store and a beauty salon. The only evidence offered by the state connecting the defendant with those crimes came from the lips of one witness, an alleged accomplice. The witness, by his own testimony, had possession of the key to the burglar alarm system in both places and used the key to gain access to those places without setting off the alarm. Although the defendant assigns error in a number of respects, we limit our discussion to the single assignment which is dispositive of this appeal, namely, the action of the trial court in precluding the defendant from cross-examining the witness with respect to his motive for testifying against the defendant.

---

\* Thus entitled, in view of General Statutes § 54-90.

During the cross-examination of the witness, counsel for the defendant, in the absence of the jury, advised the court that he proposed to inquire of the witness respecting the disposition of certain felony and misdemeanor charges which were pending against him not only at the time he gave the police a statement implicating the defendant, but also at the time of trial, because it was the understanding of counsel that all of those charges had been nolled. The trial judge ruled that he would limit counsel to an inquiry concerning felony convictions only. He further cautioned counsel that if counsel asked the proposed questions, the trial judge would hold him in contempt of court. The defendant excepted to the court's ruling and thereafter refrained from making the proposed inquiry.

The cross-examination of a witness for the purpose of showing motive, interest, bias or prejudice "is a substantial legal right which may not be abrogated or abridged at the discretion of the court to the prejudice of the cross-examining party." *State* v. *Luzzi,* 147 Conn. 40, 46–47. The exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. *Greene* v. *McElroy,* 360 U.S. 474, 496. In eliciting information on motivation or bias the cross-examiner is not bound by the disclaimer of the witness. Asking a witness whether he has any ulterior motive for testifying against the defendant is similar to asking a prospective juror whether he knows of any reason why he should not sit on the trial of a particular case. The answer in both cases depends on the unexplained subjective judgment of the responder. That judgment, however, should be made by someone other than the responder. In a trial it should be made by the trier. The art of cross-examination is to expose all the relevant facts so as to enable the trier to

make an informed independent judgment. Permitting counsel, in this case, to ask the witness whether he had been promised leniency for his testimony was not enough. He should also have been permitted, by bringing out the nolles, to make a record from which to argue why the witness might have had a motive to implicate the defendant. Precluding the defendant from eliciting that information denied him the right of effective cross-examination and constituted constitutional error. *Davis* v. *Alaska,* 415 U.S. 308, 318.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion D. SHEA and SPONZO, Js., concurred.