■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY LEONARD, Appellant.—Judgment unanimously reversed, on the law, and facts, and a new trial granted. Memorandum: Defendant, Tommy Leonard, appeals from a judgment of conviction following a jury verdict which found him guilty of the charge of robbery in the first degree. On this appeal he contends that during the trial he was deprived of a substantial right by the trial court's denial of his right to cross-examine a prosecution witness, Gregory O'Neal, in the presence of the jury concerning an alleged "deal" between this witness and the District Attorney. He claims further error by the trial court's failure to charge the jury that whether or not an understanding existed between the District Attorney's office and Gregory O'Neal was a question of fact for their consideration. If an understanding, a promise of leniency or an offer of any *quid pro quo* was extended to a witness prior to trial, the failure to make full disclosure of that fact to the jury requires a new trial *(People v Mangi,* 10 NY2d 86; *People v Savvides,* 1 NY2d 554; *People v Randolph,* 42 AD2d 986; *People v Graziano,* 38 AD2d 127; *People v Ellington,* 19 AD2d 654). If there has been a promise, the defendant is entitled to have the jury apprised thereof, and the failure to do so constitutes a denial of a fair trial to the defendant *(People v Zimmerman,* 10 NY2d 430; *People v Romeo,* 16 AD2d 240). The policy of disclosing any promise made to a witness is apparent. "Where a promise of leniency or other considerations is held out to a self-confessed criminal for his co-

operation, there is grave danger that, if he be weak or unscrupulous, he will not hesitate to incriminate others to further his own self-interest." *(People v Savvides,* 1 NY2d 554, 557.) The People contend that since the trial court ruled as a matter of law that there was no promise or "deal" made, the jury is not entitled to consider whether one was made in fact. However, "the administration of justice must not only be above reproach, it must also be beyond the suspicion of reproach" *(People v Savvides,* 1 NY2d 554, 556, supra). There is no question but that the testimony of Gregory O'Neal was crucial to the People's case. The jury, while aware of O'Neal's participation in the robbery and his criminal record, was not presented with the claim that a "deal" might have been made with the District Attorney's office. The defense has a right during cross-examination to place before the jury the question as to whether O'Neal was testifying as the result of a "deal" or other arrangement for lenient treatment based upon his testimony at trial which would bias his testimony. The trial court's ruling which denied defendant the right to cross-examine O'Neal within the presence of the jury concerning any alleged "deal" deprived this defendant of a substantial right and constituted prejudicial error *(People v Levy,* 47 AD2d 12, 15; see *Davis v Alaska,* 415 US 308), entitling him to a new trial. We have considered defendant's other contentions on this appeal and find them to be without merit. (Appeal from judgment of Onondaga County Court—robbery, first degree.) Present—Cardamone, J. P., Hancock, Denman, Goldman and Witmer, JJ.