29 A.3d 1059

Ricky Calvin TOLSON

v.

STATE of Maryland.

No. 0896, Sept. Term, 2010.

Court of Special Appeals of Maryland.

Oct. 3, 2011.

**514**

Geraldine K. Sweeney (Paul B. DeWolfe, Public Defender, on the brief), Baltimore, MD, for Appellant.

Cathleen C. Brockmeyer (Douglas F. Gansler, Atty. Gen., on the brief), Baltimore, MD, for Appellee.

Panel: KRAUSER, C.J., MEREDITH and RAYMOND G. THIEME, JR. (Retired, Specially Assigned), JJ.

KRAUSER, C.J.

Following the entry of an *Alford*[1] plea in the Circuit Court for Baltimore County to three counts of second-degree assault and one count of attempting to disarm a police officer, Ricky Calvin Tolson, appellant, contends that the circuit court erred in denying his motion to correct an illegal sentence. Appellant was the subject of three different sentencing proceedings. The first was his initial sentencing, the second took place after his motion to modify sentence was granted, and the third occurred after he was found to have violated his probation.

His motion to correct an illegal sentence should not have been denied, claims appellant, because the circuit court's

---

1. An *Alford* plea is a guilty plea " 'containing a protestation of innocence.' " *Bishop v. State,* 417 Md. 1, 19, 7 A.3d 1074 (2010) (quoting *Marshall v. State,* 346 Md. 186, 189 n. 2, 695 A.2d 184 (1997)). *See North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (holding that an accused "may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime").

modification of his sentence, pursuant to his motion to modify, actually increased it and, thereafter, the circuit court imposed an illegal sentence, based on that error, for violating his probation. We agree and shall vacate his sentences and remand this case so that he may be re-sentenced in accordance with this opinion.

## FACTS

After the entry of his *Alford* plea to three counts of second-degree assault and one count of attempt to disarm a law enforcement officer, appellant was sentenced, on November 3, 2005, to four concurrent ten-year terms of imprisonment Five years of each sentence were then suspended and a term of five years' probation was imposed. The sentences were to run from August 25, 2005, the day appellant was arrested. Because the four ten-year sentences were concurrent, we shall hereafter refer to them, in the singular, as a "ten-year sentence, with five years suspended."

On November 9, 2005, appellant filed a motion to modify his sentence under Maryland Rule 4–345(e), which provides, in part:

(e) **Modification upon motion.** (1) Generally. Upon a motion filed within 90 days after imposition of a sentence ... in a circuit court, whether or not an appeal has been filed, the court has revisory power over the sentence except that it may not revise the sentence after the expiration of five years from the date the sentence originally was imposed on the defendant and it may not increase the sentence.

The motion was denied on August 16, 2006, without a hearing. Almost two years later, on June 16, 2008, appellant filed a motion requesting reconsideration of the August 16, 2006 denial of his modification request. On December 9, 2008, a hearing was held on that motion.

At that hearing, the circuit court granted the motion to reconsider its August 16, 2006 ruling, denying his motion to modify sentence, and then granted the November 9, 2005 motion to modify sentence by increasing the original sentence

of ten years, with all but five years suspended, to "twenty years, with all but one year suspended, starting from [September 3, 2008]." [2] The five-year probation was continued.

Before his sentence was modified, the maximum length of time a court could have imposed, in the event of a violation of probation, was five years. *See Benedict v. State*, 377 Md. 1, 12, 831 A.2d 1060 (2003). In modifying the sentence, the court increased the length of time appellant was subject to incarceration from five years to nineteen years, should a violation of probation occur.

In time, appellant was released on probation. He thereafter violated his probation. On July 27, 2009, a hearing on the State's petition to revoke appellant's probation was held. At the revocation hearing, appellant admitted to violating his probation. But, because appellant's agent was not available, disposition was continued until March 12, 2010.

On that March date, the court terminated appellant's probation. Before imposing sentence, the court commented that it could order a sentence of up to nineteen years. In other words, it believed that the sentence it had imposed, on December 9, 2008, was controlling. It went on to say that, instead of imposing the full nineteen years, it was imposing only a ten-year sentence.

In sum, Tolson has thus been sentenced three times for his multiple convictions of second-degree assault and attempt to disarm a police officer. The sentences, in tabular form, were:

| Sentencing Date | Sentence Imposed |
| --- | --- |
| November 3, 2005 (Sentencing hearing) | 10 years, all but 5 years suspended. |
| December 9, 2008 (Motion to modify granted) | 20 years, all but 1 year suspended. |
| March 12, 2010 (Imposition of sentence for violating probation) | 10 years, no time suspended. |

---

2. At a hearing on March 20, 2009, the starting date was changed to August 25, 2005.

On May 6, 2010, appellant filed a motion to correct an illegal sentence. That motion was denied on May 17, 2010, without a hearing. This appeal followed.

## DISCUSSION

Appellant contends that the December 9, 2008 sentence of twenty years, all but one year suspended, was illegal because it was an increase of the original November 3, 2005 sentence of ten years, all but five years suspended, and that the March 12, 2010 sentence of ten years, no time suspended, was illegal because, in that proceeding, the court ordered a previously suspended sentence to be served, and that order imposed more time than had been suspended.

The State not only agrees that the two sentences were illegal, but also notes a third error committed by the court. That error was that the December 9, 2008 sentence was a nullity. That sentence was imposed pursuant to the court's re-opening of appellant's previously denied motion to reconsider, which, according to the State, the court did not have the jurisdiction to do. We agree with both of appellant's contentions and with the State's identification of a third error.

We begin our analysis with the error noted by the State. As previously recounted, appellant's motion to modify sentence, which he filed on November 9, 2005, was denied on August 16, 2006. On December 9, 2008, the court reinstated that motion to modify. It is the State's position, as previously noted, that the circuit court did not have authority to reinstate appellant's motion to modify, and because it did not, the December 9, 2008 sentence revision was a nullity.

The sole authority for modifying a sentence imposed is Maryland Rule 4–345(e), a product of the Court of Appeals's rule-making authority. That rule requires a person wishing to challenge his sentence to file a motion to modify it within ninety days of imposition. If a court denies that motion, and more than ninety days have elapsed since the imposition of sentence, "the defendant is finished-he or she may not file

another such motion for reconsideration," *Greco v. State*, 347 Md. 423, 436, 701 A.2d 419 (1997), or, as we have referred to it, a "motion to modify," unless he can show fraud, mistake, or irregularity; none of which is alleged here. *Clark v. State*, 348 Md. 722, 732, 705 A.2d 1164 (1998). On the other hand, if the motion is granted and a new sentence imposed, the ninety-day period for filing a motion to modify begins again, from the date the new sentence was imposed, and a second motion to modify, filed within that period, would be timely. *Greco*, 347 Md. at 433, 436, 701 A.2d 419.

Once a court has lost jurisdiction, under Rule 4–345, after denying a motion to modify because ninety days have elapsed since the imposition of sentence, it may not consider a second motion to modify sentence and impose a new sentence. *State v. Karmand*, 183 Md.App. 480, 492–95, 961 A.2d 1152 (2008). And, because no logical distinction can be drawn between reconsideration of a previously denied motion to modify and consideration of a second motion to modify under Rule 4–345, we hold that, once a court has lost jurisdiction after denying a motion to modify, because ninety days have elapsed from imposition of sentence, it may not reconsider a previously denied motion to modify sentence and impose a new sentence.

Appellant's November 9, 2005 motion to modify sentence was denied on August 16, 2006, more than ninety days after the original November 3, 2005 sentence of ten years, all but five years suspended, had been imposed. As of that date, appellant had exhausted all of his rights under Rule 4–345(e). Because appellant had no further rights under Rule 4–345(e), the court had no jurisdiction to act under the authority of that rule. Nevertheless, on December 9, 2008, over two years after the court had lost jurisdiction to act under Rule 4–345(e), the court, relying on that rule, reconsidered his previously denied motion to modify, granted it, and modified his sentence. We hold that, because, on December 9, 2008, the court had no jurisdiction to modify appellant's original sentence, that modified sentence was a nullity. And, because that sentence was a nullity, his original November 3, 2005 sentence

of ten years, with all but five years suspended, remains in effect.

■ We now consider appellant's first argument that the December 9, 2008 sentence was illegal because it was an increase of the original sentence. The original sentence, imposed on November 3, 2005, was ten years, with all but five years suspended. On December 9, 2008, the court revised that sentence by increasing it to twenty years, with all but one year suspended. That increase was ordered pursuant to a motion to modify sentence filed under Maryland Rule 4–345(e).

■ The law does not permit a court, in ruling on a motion to modify a sentence filed, pursuant to Maryland Rule 4–345(e), to increase the sentence. *Smith v. State,* 31 Md.App. 310, 316, 356 A.2d 320 (1976). Indeed, a court is generally not permitted to increase a sentence, upon resentencing, unless certain conditions are satisfied,[3] none of which were present here. Cts. & Jud. Proc. Art. 12–702(b); *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Briggs v. State,* 289 Md. 23, 421 A.2d 1369 (1980); *Nimon v. State,* 71 Md.App. 559, 526 A.2d 645 (1987). The December 9, 2008 sentence was illegal because it was an unauthorized increase of the original sentence.

We, therefore, conclude that the December 9, 2008 sentence was illegal for two reasons: First, it was illegal because the court did not have jurisdiction to impose it. And, second, it was illegal because it was an impermissible increase in the extant sentence.

---

**3.** Cts. & Jud. Proc. Art. 12–702(b) sets forth conditions that must be satisfied before a court, upon re-sentencing, may impose an increased sentence: "(1) [t]he reasons for the increased sentence affirmatively appear; (2) [t]he reasons are based upon additional objective information concerning identifiable conduct on the part of the defendant; and (3) [t]he factual data upon which the increased sentence is based appears as part of the record." See *Gardner v. State,* 420 Md. 1, 20 A.3d 801 (2011), for a discussion of this statute.

Finally, we consider appellant's argument that the March 10, 2010 sentence at the revocation of probation hearing was illegal. The law here is well established. In *Benedict v. State, supra*, 377 Md. at 12, 831 A.2d 1060, the Court of Appeals explained that:

When dealing with a split sentence, the court, in revoking probation, may direct execution of all or part of the previously suspended part of the sentence, but not of any part of the sentence that the court initially directed to be served in prison.

In other words, after a court revokes a probation, the only part of the original sentence which a court may order executed is the suspended portion. In this case, the original sentence, which was imposed on November 3, 2005, was for ten years, five years suspended. On December 9, 2008, the court modified that sentence by increasing it to a sentence of twenty years, all but one year suspended. That sentence, for reasons previously discussed, was illegal. Thus, on March 12, 2010, when the court revoked appellant's probation, the only sentence lawfully in effect was the November 3, 2005 sentence of ten years, five years suspended. This means that, when the court sentenced appellant on March 12, 2010, the maximum sentence the court could have imposed was five years. Consequently, the ten-year sentence imposed by the court, that day, was unlawful. As requested by both sides, we vacate the March 12, 2010 sentence and remand the case for a re-sentencing in accordance with this opinion.

**SENTENCE VACATED. CASE REMANDED FOR RE-SENTENCING IN ACCORDANCE WITH THIS OPINION. COSTS TO BE PAID BY BALTIMORE COUNTY.**