536 A.2d 1166

**Vera Darlene COLEY**

v.

**STATE of Maryland**

**No. 183, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Feb. 8, 1988.

Sherrie B. Glasser, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Sandra A. O'Connor, State's Atty., for Baltimore County and Fran O'Brien, Asst. State's Atty., for Baltimore County on the brief), Towson, for appellee.

Submitted before MOYLAN, BISHOP and KARWACKI, JJ.

KARWACKI, Judge.

Vera Darlene Coley, the appellant, was convicted by Judge Austin W. Brizendine in the Circuit Court for Baltimore County of four counts of daytime housebreaking. At the conclusion of the bench trial on November 29, 1982, appellant was sentenced to a term of five years incarceration. Judge Brizendine suspended the sentence and placed appellant on five years probation. On August 31, 1983, appellant appeared before Judge Brizendine on a charge of violation of probation. He found her guilty of violating her probation, but simply ordered her probation to be continued. On June 28, 1984, the Division of Parole and Probation filed a second charge of violation of probation against appellant. Judge Brizendine held a hearing on this second petition on August 30, 1985. Appellant was again found in violation of

her probation and again the probation was continued. A third petition charging appellant with violating her probation was filed on November 20, 1986.

It alleged that she had been convicted in the Circuit Court for Baltimore City (Prevas, J.) of a theft she committed on May 27, 1986, for which she had been sentenced to 30 days imprisonment in Baltimore City Jail. Also, the petition asserted that she had substantially failed to pay the court costs and restitution as required by the terms of her probation.

The case was called for a hearing before Judge Dana M. Levitz on January 22, 1987. At that time, defense counsel admitted that appellant had violated her probation because:

She indicate[d] to me she, in fact, did receive a 30 day sentence from Judge Prevas. As a matter of fact, her court costs and restitution are substantially in arrears.

Judge Levitz found appellant guilty of violating her probation and ordered the original five year term, less credit for time served, reimposed.

In her appeal[1] to this Court, appellant claims that:

1. The State failed to present sufficient evidence to prove the charge of violation of probation;

2. Judge Levitz erred because he failed to issue a statement specifying the evidence he had relied upon and his reasons for revoking the probation; and,

3. Judge Levitz was wrong in refusing to consider modifying the sentence.

Appellant's first claim is that the evidence was insufficient to prove she violated the conditions of her probation. Appellant acknowledges that one of the conditions of her

---

1. The State has requested us to dismiss the appeal on the theory that because the hearing was conducted in the manner of a guilty plea, Courts and Judicial Proceedings Art. 12–302(e) does not permit a direct appeal. The Court of Appeals in *Maus v. State,* 311 Md. 85, 532 A.2d 1066 (1987), held that § 12–302(e) does not apply to revocation of probation cases. Accordingly, the State's motion to dismiss is denied.

probation which she was alleged to have violated was the condition that she obey all laws. The evidence offered to show that she had violated this condition was her counsel's admission that she had been convicted of a crime by Judge Prevas. Appellant asserts that this statement is inadequate to prove she violated the obey all laws condition. We disagree. The petition alleging the violation recited the crime which appellant had committed and the date of its commission. Appellant, through counsel, conceded the accuracy of these allegations in open court. Under these circumstances, the record adequately reflects that appellant had violated the condition of her probation requiring that she obey all laws. *Cf. Nelson v. State*, 66 Md.App. 304, 308–09, 503 A.2d 1357 (1986).

Appellant's second claim is based on the holding of the Court of Appeals in *Smith v. State*, 306 Md. 1, 506 A.2d 1165 (1986), and the United States Supreme Court's rulings in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 956 (1973). In *Morrissey* and *Gagnon* the Supreme Court held that a probationer is denied due process of law if his probation is revoked without a written statement which details the evidence relied on and reasons for revoking the probation. In *Smith v. State*, the Court of Appeals quoted from *Black v. Romano*, 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985):

> The written statement required by *Gagnon* and *Morrissey* helps to insure accurate fact-finding with respect to any alleged violation and provides an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence.

306 Md. at 11, 506 A.2d 1165.

In *Smith*, the probationer was charged with the violation of five conditions of probation; during the hearing his probation officer testified as to additional violations with which the probationer had not been charged. In denying a motion for dismissal as to one of the charges, the court said:

Well, I don't grant a motion or deny a motion as to one specific ground. The charge is violation of probation and even though it might not be sustainable on one ground if it's sustainable on another that is sufficient.

Later, in finding that Mr. Smith had violated conditions of his probation, the court stated:

I believe that there has been sufficient testimony here today to indicate that certain rules have been violated by you. Unfortunately, I think it might have been easier for the probation agent to testify as to what rules you had not violated rather than the long litany of those that you had.

After concluding that Mr. Smith could not properly have been found to violate certain of the conditions, the Court of Appeals held that Mr. Smith had been denied due process of law.

■ There is no parallel between *Smith* and this case. In *Smith*, the evidence concerning certain alleged violations was in conflict and the record failed to disclose what conditions of probation Mr. Smith had been found to have violated. In the case *sub judice*, appellant's counsel admitted to the facts alleged in the petition charging her with the probation violation.

The purposes of requiring the court to state the evidence relied on and the reasons for revoking probation are to inform the probationer of the basis for revoking his probation and to enable a reviewing court to determine if the decision rests on permissible grounds supported by the evidence. When there is no dispute as to the facts, it is unnecessary for the court to repeat or summarize the uncontradicted facts in order to inform the probationer of the reason his or her probation was revoked or to enable a reviewing court to determine if revocation was based on proper grounds supported by adequate evidence. *Jones v. State,* 73 Md.App. 267, 533 A.2d 1309 (1987).

■ As to her third claim, appellant argues that Judge Levitz abused his discretion when he refused to consider

modifying the sentence he imposed on January 22, 1987. Two weeks after Judge Levitz imposed the sentence, appellant wrote the judge a letter asking him to modify the sentence. Judge Levitz responded to appellant, advising her that he would not reconsider her sentence because he had no authority to do so. He reasoned that Rule 4–345(b) which permits a judge to modify a sentence allows for modification only within 90 days of the imposition of the original sentence. He stated that because appellant was originally sentenced in 1982, the 90 day period had elapsed before she had requested the modification.[2] Appellant argues that, in a case such as hers where a probation is revoked and a resentencing occurs, the 90 day modification period should run from the date the new sentence is reimposed. We agree.

In *Brown v. State*, 62 Md.App. 74, 77, 488 A.2d 502, *cert. denied*, 303 Md. 42, 491 A.2d 1197 (1985), we observed that when a probation is revoked, the hearing court is returned "to the same position it occupied at the original sentencing of the defendant with one exception; the court may not impose a sentence greater than that which was originally imposed and suspended." It follows that if an order revoking a defendant's probation returns the hearing judge to the original sentencing status, then any sentence so imposed must have the effect of an original sentence. Because Rule 4–345(b) applies to any sentence, it must apply to a sentence which is imposed following a revocation of probation. Consequently, we hold that Judge Levitz, in refusing to consider modifying appellant's sentence, abused the discretion to revise a sentence which Rule 4–345(b) vests in him. We

---

**2.** Rule 4–345(b) reads:

(b) Modification or Reduction—Time for.—The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition (1) in the District Court, if an appeal has not been perfected, and (2) in a circuit court, whether or not an appeal has been filed. The court may modify or reduce or strike, but may not increase the length of, a sentence. Thereafter, the court has revisory power and control over the sentence in case of fraud, mistake, or irregularity, or as provided in section (d) of this Rule.

shall, therefore, order that the case be remanded for Judge Levitz to consider granting a modification. In doing so we do not mean to suggest that a modification should be ordered; we are directing only that Judge Levitz must *consider* whether his sentence should be revised.

JUDGMENT AFFIRMED.

ONE THIRD OF COSTS TO BE PAID BY BALTIMORE COUNTY AND TWO THIRDS TO BE PAID BY APPELLANT.