701 A.2d 419

**Vincent Tito GRECO, Jr.**

v.

**STATE of Maryland.**

**No. 131, Sept. Term, 1996.**

Court of Appeals of Maryland.

Oct. 16, 1997.

424

Howard L. Cardin (Cardin & Gitomer, P.A., on brief), Baltimore, for appellant.

Regina Hollins Lewis, Asst. Atty. General (J. Joseph Curran, Jr., Atty. General, on brief), Baltimore, for appellee.

Argued before BELL, C.J., ELDRIDGE, RODOWSKY, CHASANOW, RAKER and WILNER, JJ., and KARWACKI, J. (retired), Specially Assigned.

RAKER, Judge.

Maryland Rule 4–345 governs the power of Maryland trial courts to revise a sentence in a criminal case. Subsection (b) of the Rule allows a criminal defendant to seek a modification of sentence, but requires such a motion to be filed within 90 days of the imposition of that sentence. That subsection of the rule provides:

> **(b) Modification or Reduction—Time For.**—The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition (1) in the District Court, if an appeal has not been perfected, and (2) in a circuit court, whether or not an appeal has been filed. Thereafter, the court has revisory power and control over the sentence in case of fraud, mistake, or irregularity, or as provided in section (d) of this Rule. The court may not increase a sentence after the sentence has been imposed, except that it may correct an evident mistake in the announcement of a sentence if the correction is made on the record before the defendant leaves the courtroom following the sentencing proceeding.

In this case, the Circuit Court for Baltimore County granted a motion to modify the sentence of Appellant Vincent T. Greco, Jr. Within 90 days of that decision, but years after the imposition of the sentence which had been modified, Greco filed a second motion to modify the reimposed sentence. The circuit court refused to hear this second motion on the merits because it concluded that the motion was untimely. We

disagree, and therefore shall reverse the judgment of the Circuit Court for Baltimore County.

I.

On April 6, 1982, a Baltimore County jury found Vincent Greco guilty of first degree premeditated murder, felony murder, and first degree rape in the strangulation death of 78 year-old Leta J. Larsen. The trial judge sentenced Greco to life imprisonment on the rape charge, to a consecutive life term for the premeditated murder, and to a concurrent life term for the felony murder conviction. The Court of Specials Appeals, in an unreported opinion, affirmed the convictions. Reasoning, however, that it would have been "manifestly impossible to kill the same person twice," the intermediate appellate court concluded that the premeditated and felony murder convictions merged for sentencing purposes. Accordingly, the intermediate appellate court remanded the case to the Circuit Court for Baltimore County to impose the correct sentences.

On January 30, 1984, the circuit court sentenced Greco to consecutive life terms for the first degree murder and rape of Larsen. On February 3, 1984, Greco filed a Motion for Reduction of Sentence. The trial court held that motion *sub curia*, and did not rule on the request for modification until July 16, 1992. At that time, the Circuit Court for Baltimore County modified the sentence imposed in 1984, and ordered Greco's term of imprisonment for the first degree rape to run concurrently with his term of incarceration for the premeditated killing of Larsen.

On August 17, 1992, pursuant to Maryland Rule 4–345(b), Greco filed another Motion for Reduction of Sentence. Prior to hearing the subsequent motion for modification on the merits, the circuit court ruled that the court was divested of jurisdiction to hear the request for modification because that motion was not filed within 90 days of the imposition of sentence on January 30, 1984. Greco filed a timely notice of appeal, and we granted certiorari on our motion before review by the Court of Special Appeals.

## II.

Before this Court, Greco acknowledges that under Maryland Rule 4–345(b), a trial court loses the power to modify a legal sentence if more than 90 days have passed since the imposition of that sentence, and no motion to modify or reduce that sentence has been filed within that period. Nonetheless, Greco argues, his second Motion for Reduction of Sentence was timely filed because, for purposes of that motion to modify, the applicable sentence was the one imposed on July 16, 1992, and not the earlier sentence of January 30, 1984. In other words, the modification of the sentence by the trial court on July 16, 1992, was effectively the "imposition" of a sentence in the context of Rule 4–345(b). Greco argues that Maryland case law, common sense, and a comparison of Rule 4–345(b) to its civil counterpart support such an interpretation.

By contrast, the State contends that a fair reading of the unambiguous language of Rule 4–345(b) leads to the conclusion that a sentence can only be "imposed" once. Moreover, even if the language of the rule is ambiguous, the State asserts that the purpose and history of the rule support the proposition that the time for filing a motion for the reduction of a sentence runs from the initial imposition of that sentence, and not from a subsequent modification. In support of this argument, the States relies heavily upon the reported decisions of federal courts interpreting former Federal Rule of Criminal Procedure 35(b). Finally, the State claims that a primary purpose of the 90-day limitation imposed by Rule 4–345(b) is to protect trial courts from multiple requests for sentence reduction, and that affirming the decision by the Circuit Court for Baltimore County will further such a purpose.

## III.

At common law, Maryland trial courts possessed the inherent authority to modify their judgments in both criminal and civil cases. *Chertkov v. State,* 335 Md. 161, 170, 642 A.2d 232, 236 (1994). This authority to modify a judgment existed only

during the term of court at which the judgment was entered. *State v. Butler,* 72 Md. 98, 100–01, 18 A. 1105, 1106 (1890) (quoting *Seth v. Chamberlaine,* 41 Md. 186, 194 (1874)). This common law principle was abrogated by a rule of procedure, more uniform in application, which empowered a trial court to modify a sentence within 90 days of either the imposition of that sentence, or the receipt of a mandate issued by the Court of Appeals or the Court of Special Appeals. *Edwardsen v. State,* 220 Md. 82, 88, 151 A.2d 132, 135 (1959). As amended, the successor to that original rule is current Maryland Rule 4–345(b).

In *Cardinell v. State,* 335 Md. 381, 384–86, 644 A.2d 11, 12–13 (1994), this Court concluded that a motion to modify a sentence, filed more than 90 days after a previous motion to modify had been denied, was untimely under the rule. The case at bar squarely presents the question of whether such a motion was timely if filed more than 90 days after the original imposition of sentence, but within 90 days of the granting of a motion to modify the original sentence. In turn, proper resolution of this question focuses on the accurate definition of the word "imposition" as used in Rule 4–345(b).

To interpret rules of procedure, we use the same principles and canons of construction as are used to interpret statutes. *State v. Montgomery,* 334 Md. 20, 24, 637 A.2d 1193, 1195 (1994). When construing a rule, the Court first looks to the text of the rule, giving those words their ordinary and natural meaning. *Long v. State,* 343 Md. 662, 667, 684 A.2d 445, 447 (1996). When the words are clear and unambiguous, ordinarily our inquiry ends. *In re Victor B.,* 336 Md. 85, 94, 646 A.2d 1012, 1016 (1994). When, however, the language of the rule is ambiguous, we look elsewhere to discern the legislative intent.[1] It then becomes necessary to survey the surrounding circumstances in which the rule was drafted to accurately discern the intent of the Court of Appeals in

---

1.  "The Maryland Rules of Procedure, within their authorized scope, are legislative in nature." *Ginnavan v. Silverstone,* 246 Md. 500, 504–05, 229 A.2d 124, 126 (1967) (citing MD. CONST. art. IV, § 18A).

promulgating that rule. *New Jersey v. Strazzella,* 331 Md. 270, 274, 627 A.2d 1055, 1057 (1993); *Kaczorowski v. City Council of Baltimore,* 309 Md. 505, 513–16, 525 A.2d 628, 632–33 (1987).

Strictly as applied to the issue presented by this case, Maryland Rule 4–345(b) is ambiguous; in the context of Rule 4–345(b), the word "imposition" is reasonably capable of more than one meaning. The State urges that the "imposition" of a sentence refers only to the initial pronouncement of that sentence. Conversely, Greco argues, it would also be reasonable to interpret the subsequent modification of a sentence, which imposes a different punishment on the criminal defendant, as an "imposition" of sentence. Because the language of the rule is unclear, we must look toward other sources to glean the intent of the rule. *In re Victor B.,* 336 Md. at 94, 646 A.2d at 1016; *see Long,* 343 Md. at 668, 684 A.2d at 448 ("We look to the rule's history to aid us in discerning the reasonable intendment of the language used in the light of the purpose to be effectuated."). Yet the goal remains to give the rule its most reasonable interpretation, in accord with logic and common sense, and to avoid a construction not otherwise evident by the words actually used.

## IV.

Prior Maryland case law strongly suggests that the modification of a sentence under Maryland Rule 4–345(b) is an imposition of sentence for the purposes of that rule. In the past decade, we have decided two cases which prove instructive here. In *McDonald v. State,* 314 Md. 271, 550 A.2d 696 (1988), the defendant was placed on probation by the District Court of Maryland, sitting in Baltimore County. Subsequently, on a *de novo* appeal, the circuit court found that McDonald had violated the terms of her probation, revoked her probation, and executed the sentence originally imposed by the District Court. *Id.* at 284, 550 A.2d at 702. Following the imposition of that sentence, McDonald sought a modification of the sentence pursuant to Rule 4–345(b). *Id.* The Circuit Court for Baltimore County believed it did not have the

authority to revise the original sentence, and therefore denied the motion for modification. *Id.* at 273, 550 A.2d at 697. This Court reversed, concluding instead that the revocation of a criminal defendant's probation returned McDonald to her original sentencing status, and " 'any sentence [then] imposed must have the effect of an original sentence.' " *Id.* at 284, 550 A.2d at 702 (quoting *Coley v. State,* 74 Md.App. 151, 156, 536 A.2d 1166, 1169 (1988)). Although *McDonald* dealt with the reimposition of an original sentence, rather than the reimposition of a different sentence, the rationale is pertinent to this case:

> Whether the hearing judge reimposes the original sentence or imposes a new sentence, the effect under Rule 4–345(b) remains the same; the 90–day period runs from the time *any* sentence is imposed or reimposed upon revocation of probation, and the court retains the authority to modify that sentence as the rule provides.

*Id.* at 285, 550 A.2d at 702.

A case decided two years after *McDonald* also clarifies the issue to be resolved in the present case. In *Collins v. State,* 321 Md. 103, 105, 581 A.2d 426, 427 (1990), *appeal after remand,* 326 Md. 423, 605 A.2d 130 (1992), the Circuit Court for Howard County revoked the defendant's probation on March 1, 1988, and "reimposed [a] previously suspended 10-year sentence." *Id.* at 110, 581 A.2d at 429. Collins subsequently sought a review of the 10-year sentence by a three-judge panel pursuant to the Review of Criminal Sentences Act, Article 27, § 645JA of the Maryland Code (1957, 1987 Repl.Vol.).[2] *Id.* at 105, 581 A.2d at 427. At that time, Maryland Rule 4–344 required that any application for review of sentence under § 645JA must "be filed in the sentencing court within 30 days after the imposition of sentence." [3] Even

---

**2.** Hereinafter, all statutory citations are to Article 27 of the Maryland Code (1957, 1987 Repl.Vol.).

**3.** Subsection (a) of Maryland Rule 4–344 provides:

though Collins had filed his request within 30 days of the March 1, 1988 proceeding, the circuit administrative judge denied his motion on the ground that it was untimely because it was not filed within 30 days of February 17, 1987, the date of the original sentence. *Id.* at 105–06, 581 A.2d at 427.

On appeal, we reversed. As in this case, we noted that the threshold issue was "whether the phrase 'imposition of sentence,' includes imposition of both the original sentence and reimposition of a previously suspended sentence." *Id.* at 107, 581 A.2d at 428. Examining the text and history of Article 27, § 645JA, we rejected the premise that the reimposition of a previously suspended sentence was not an "imposition of sentence" under Rule 4–344. *Id.* at 108–10, 581 A.2d at 428– 29. Rather, we concluded this prior history and the language of the statute "convince[s] us that the legislature intended to allow sentence review either following the imposition of the original sentence or following the reimposition of a previously suspended sentence." *Id.* at 109, 581 A.2d at 429. Significantly, the Court also observed "that our interpretation of 'imposition of sentence' as applied in this Rule harmonizes with our interpretation of that phrase as used in Rule 4– 345...." *Id.*

Taken together, *McDonald* and *Collins* stand for the proposition that the reimposition of a sentence after the revocation of probation is an "imposition of sentence" for purposes of the review of that sentence under Title 4 of the Maryland Rules. This case presents the question of whether that proposition governs the reimposition of a sentence subsequent to the

---

(a) **Application—When Filed.**—Any application for review of a sentence under the Review of Criminal Sentences Act, Code, Article 27, §§ 645JA–645JG, shall be filed in the sentencing court within 30 days after the imposition of sentence or at a later time permitted by the Act. The clerk shall promptly notify the defendant's counsel, if any, the State's Attorney, and the Circuit Administrative Judge of the filing of the application.

The language of the rule has not been altered since our decision in *Collins v. State*, 321 Md. 103, 581 A.2d 426 (1990), *appeal after remand*, 326 Md. 423, 605 A.2d 130 (1992).

reduction of an original sentence. We conclude that it does.[4] Both *McDonald* and *Collins* quoted with approval *Coley v. State*, 74 Md.App. 151, 536 A.2d 1166 (1988). Writing for the Court of Special Appeals in *Coley*, Judge Karwacki (now a member of this Court) recognized that *"[b]ecause Rule 4–345(b) applies to any sentence*, it must apply to a sentence which is imposed following a revocation of probation." *Coley*, 74 Md.App. at 156, 536 A.2d at 1169 (emphasis added). In interpreting Rule 4–345(b), no sound basis exists to distinguish between the reimposition of a sentence subsequent to the revocation of probation, and the reimposition of a sentence subsequent to the granting of a motion to modify the original

---

**4.** The State argues that the Court's reasoning in *Johnson v. State*, 274 Md. 29, 333 A.2d 37 (1975), compels a contrary conclusion. The State's faith in *Johnson* is misplaced. The issue decided in *Johnson* was whether the granting of a motion to modify a sentence tolled the 30-day period within which the defendant was required to file an appeal. *Id.* at 30, 333 A.2d at 37–38. The Court in that case recognized that the granting of a motion to modify or reduce a sentence had the effect of revising the judgment in a criminal case, but did not create "the entry of a wholly new judgment," and thus had no implication for appeal deadlines. *Id.* at 41–42, 333 A.2d at 43–44. Under Maryland law, a final judgment in a criminal case is comprised of the verdict of guilty, and the rendition of sentence. *Middleton v. State*, 318 Md. 749, 759, 569 A.2d 1276, 1281 (1990). As related to this case, *Johnson* stands for the proposition that the granting of a motion to modify or reduce a sentence revises a final judgment because the original sentence has been stricken, but that final judgment is not "wholly new" because the underlying verdict of guilty remains unchanged.

The State also relies upon *State v. Sayre*, 314 Md. 559, 552 A.2d 553 (1989), a case which is inapposite to the issue we resolve today. In *Sayre*, after the defendant's sentencing had concluded and the trial court was ready to proceed to the next case, the trial judge changed Sayre's 5 year term of imprisonment from concurrent with, to consecutive to, a previously imposed period of incarceration. *Id.* at 560–61, 552 A.2d at 553–54. *Sayre* dealt with the limitations that Rule 4–345(b) places upon a trial court in originally imposing a sentence in a criminal case. *Sayre*, 314 Md. at 562–66, 552 A.2d at 554–56. *Sayre* did not purport to deal with the *reimposition* of a criminal sentence—nor could it, given the rule's clear prohibition against increasing a sentence after that sentence has been imposed. Finally, we note that *Sayre* has been modified to the extent that Rule 4–345(b) was amended after the decision in that case to permit the trial judge to "correct an evident mistake in the announcement of a sentence if the correction is made on the record before the defendant leaves the courtroom following the sentencing proceeding."

sentence. Moreover, such an inconsistent interpretation would not be in accord with our previously discussed objective of achieving uniformity in the interpretation of the Maryland Rules. *See* Md. Rule 1–201(a) ("'These rules shall be construed to secure simplicity in procedure....'").

Consonant with Rule 4–345(b), a criminal defendant may file a request for modification or reduction of sentence within 90 days of the imposition of that sentence. If the sentencing court grants a motion for modification and reduces the sentence, this subsequent sentence then becomes the effective sentence. *See Madison v. State,* 205 Md. 425, 435, 109 A.2d 96, 100–01 (1954) (concluding that a motion to modify must be timely in order to "strike out" the original sentence); *Hurwitz v. State,* 200 Md. 578, 581, 92 A.2d 575, 576 (1952) ("On motion of appellant, this sentence was stricken out, and he was resentenced...."); *Czaplinski v. Warden,* 196 Md. 654, 655–56, 75 A.2d 766, 766–67 (1950) (noting that the original sentence "was reconsidered and stricken out ... and the applicant was re-sentenced"); *Collins v. State,* 69 Md.App. 173, 193, 516 A.2d 1015, 1025 (1986) ("The effect of the modified or clarified sentence was to strike out the [initial] sentence and any infirmity attaching to it."), *cert. denied,* 308 Md. 572, 520 A.2d 1328 (1987). Thus, a reimposition of sentence in these circumstances is the equivalent of an "imposition" sentence under Maryland Rule 4–345(b). Accordingly, we hold that when a sentencing court grants a timely request for modification or reduction of sentence, the defendant may file another request for modification or reduction of sentence within 90 days of the date of the subsequent imposition of sentence.

The State also cites several federal cases to support its argument that Greco's second Motion for Reduction of Sentence was not timely under Rule 4–345(b). *United States v. Ferri,* 686 F.2d 147, 154–55 (3rd Cir.1982), *cert. denied sub nom. Matthews v. United States,* 459 U.S. 1211, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983); *United States v. Llinas,* 670 F.2d 993, 993–95 (11th Cir.1982); *see United States v. Kirk,* 761 F.2d 463, 464–65 (8th Cir.1985). The State is correct that these cases support its position. For instance, the United

States Court of Appeals for the Eleventh Circuit has held "that a reduction of sentence is not equivalent to [the original] imposition of sentence." *Llinas,* 670 F.2d at 994. Because, however, the policy underlying Maryland Rule 4–345(b) differs from the rationale of its federal analogue, we draw a different conclusion than our federal counterparts.

As this Court has noted in prior cases, the language of Maryland Rule 4–345(b) closely tracks the language of former Federal Rule of Criminal Procedure 35(b).[5] *Cardinell,* 335 Md. at 392, 644 A.2d at 16; *Johnson v. State,* 274 Md. 29, 39, 333 A.2d 37, 42 (1975). Except for a different time limitation, the language of the former federal rule is virtually identical to the language of the predecessor to Maryland Rule 4–345(b), Maryland Rule 774b.[6] In turn, former Maryland Rule 774b is the substantive equivalent of current Maryland Rule 4–345(b).

Despite these similarities in language, however, there are significant differences between the current Maryland rule and its federal counterpart. In the first instance, the drafters of the federal rule intended the 120-day time limitation to severe-

---

**5.** Prior to its amendment in 1985, Federal Rule of Criminal Procedure 35(b) read in pertinent part as follows:

**(b) Reduction of Sentence.** The Court may reduce a sentence within 120 days after sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding a judgment of conviction. . . .

In addition to the amendment in 1985, Federal Rule of Criminal Procedure 35 was completely rewritten shortly thereafter, and this revision became effective on November 1, 1987. *See* C.A. Wright, *Federal Practice and Procedure: Criminal 2d* §§ 581–87 at 143–62 (1997 Supp.).

**6.** As enacted on July 1, 1977, Maryland Rule 774b read as follows:

b. *Modification or Reduction—Time for.*

For a period of 90 days after the imposition of a sentence or within 90 days after receipt by the court of a mandate issued by the Court of Appeals or the Court of Special Appeals upon affirmance of the judgment or dismissal of appeal, or thereafter, pursuant to motion filed within that period, the court has revisory power and control over the sentence. Pursuant to this section, the court may modify or reduce or strike, but may not increase the length of, a sentence. . . .

ly limit the trial court's jurisdiction. *Ferri,* 686 F.2d at 155 (quoting *United States v. Dansker,* 581 F.2d 69, 73 (3rd Cir.1978)). Although Rule 4–345(b) contains a 90 day limitation by which a request for modification or reduction of sentence must be filed, the history of the Maryland rule supports the proposition that once a defendant files a motion for modification of a sentence within the mandatory 90 day period, the trial court does not lose the power to act on that motion when the court holds the motion *sub curia* for months, or even years.

■ At a meeting of the Court of Appeals Standing Committee on Rules of Practice and Procedure, Judge John F. McAuliffe, then a member of the Rules Committee, and subsequently a member of this Court, explained that "the circuit court can act at any time on a motion [for modification] filed within the ... 90-day period." Rules Committee Minutes, Oct. 15–16, 1982, at 76 (on file with the Rules Committee). Moreover, the Criminal Subcommittee of the Rules Committee recently rejected the recommendation "that Rule 4–345(b) be amended to require the [trial] court to render a decision within a certain period of time." Memorandum from Sandra F. Haines, Reporter, to Members of the Criminal Subcommittee, at 1 (Jan. 11, 1995) (on file with the Committee); *see State v. Robinson,* 106 Md.App. 720, 724, 666 A.2d 909, 912 (1995) ("Unless and until ... Rule [4–345(b)] is changed by the Court of Appeals, ... we can read into it no limitation on the period within which the judge may act, so long as the triggering condition of the filing of a motion within 90 days of the imposition of sentence has been satisfied."). In fact, as the history of the rule suggests, and its text implies, once a defendant files a motion for the reconsideration of a sentence within the mandatory 90-day period, the trial court can act on that motion at any time. *But cf. United States v. Taylor,* 768 F.2d 114, 118 (6th Cir.1985) (questioning whether an 18-month delay in ruling on a Rule 35(b) motion could ever be considered reasonable under any set of circumstances); *Diggs v. United States,* 740 F.2d 239, 246–47 (3rd Cir.1984) (holding

that a trial court's decision on a Rule 35(b) motion was untimely thirty months after sentencing).

The desire to protect trial judges from continual and repeated requests to modify sentences represented a second rationale behind former Federal Rule of Criminal Procedure 35(b). *Ferri*, 686 F.2d at 154–55. We do not find this reasoning persuasive. The federal courts that have addressed this issue seemingly fail to acknowledge that a successive motion for reconsideration of a sentence can be filed after the expiration of a prior time limit only if the previous motion for reconsideration is *granted*. If the motion is denied, the defendant is finished—he or she may not file another motion for reconsideration. Thus, we reject the theory that allowing successive motions under Rule 4–345(b) will result in an endless cycle of reconsideration motions that will overburden the dockets of this State's trial courts. *See People v. Arnold*, 907 P.2d 686, 688 (Colo.Ct.App.1995) ("[T]he circumstances in which a [Rule] 35(b) motion might be filed several years after the original sentence [is] imposed are rare and do not occur so frequently as to overwhelm the courts.").

A third reason given for limiting motions to the original time period under former Federal Rule of Criminal Procedure 35(b) was a belief that " 'all the reasons for reduction [of sentence] should be asserted in the [initial] motion.' " *Ferri*, 686 F.2d at 155 (quoting *Llinas*, 670 F.2d at 994). As previously discussed, a change in the sentence pursuant to a motion for reconsideration of sentence is a reimposition of sentence. Thus, it would be inappropriate for the trial court to focus upon the circumstances existing at the time of the initial sentencing, rather than the circumstances in existence when the court reimposes sentence. *See Com. v. Broadie*, 339 Pa.Super. 394, 489 A.2d 218, 220 (1985) (reasoning that if an initial motion to modify a sentence has been granted, "a second motion gives the sentencing court the first opportunity to modify the new sentence").

Finally, our departure from the federal interpretation is underscored by the latest revision to the federal rule. Mary-

land Rule 4–345(b) allows the trial court to reconsider the sentence imposed on a defendant at a later time. While the motion for reconsideration is pending, the trial court may consider intervening circumstances, or may reconsider the appropriateness of the previously imposed sentence.[7] By stark contrast, federal procedure currently grants federal trial courts almost no revisory power. *See 3* C.A. Wright, *Federal Practice and Procedure: Criminal 2d* §§ 585.1–85.2 at 150–55 (1997 Supp.).

As amended in 1991, Federal Rule of Criminal Procedure 35 allows a federal trial court to reduce a lawfully imposed sentence only in two very limited circumstances: (i) on the motion of the government, for substantial assistance in the investigation or prosecution of criminal activity; or (ii) the court may correct arithmetical, technical, or other clear error within seven days of the imposition of sentence. FED. R.CRIM.P. 35.[8] The federal "rule 'is not intended to afford the

---

**7.** This rationale was recently stated another way by the American Bar Association in the ABA STANDARDS FOR CRIMINAL JUSTICE SENTENCING:

The exercise of sentencing discretion, even within a system that guides sentencing courts, is a human process. It sometimes happens that a court, after reflection, realizes that the sentence imposed was an overreaction to some issue or factor. No public policy requires that error to be perpetuated.... In other cases, new factual information, perhaps related to an aggravating or mitigating factor, may be developed subsequent to sentencing that alters materially the information base on which sentence was imposed. The interests of justice and of sound judicial administration are served if trial judges are permitted to reduce sentences....

AMERICAN BAR ASS'N, ABA STANDARDS FOR CRIMINAL JUSTICE SENTENCING 236 (3rd ed. 1994) (Change of Sentence Standard 18–7.1, Commentary) (footnote omitted).

**8.** As amended, effective December 1, 1991, subsections (b) and (c) of current Federal Rule of Criminal Procedure 35 read in pertinent part as follows:

**(b) Reduction of Sentence for Changed Circumstances.** The court, on motion of the Government made within one year after the imposition of a sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense....

**(c) Correction of Sentence by Sentencing Court.** The court, acting within 7 days after the imposition of sentence, may correct a sentence

court the opportunity ... simply to change its mind about the appropriateness of the sentence.' " *United States v. Layman,* 116 F.3d 105, 108 (4th Cir.1997) (quoting FED R.CRIM. P. 35 advisory committee's note); *see United States v. Abreu–Cabrera,* 64 F.3d 67, 73 (2nd Cir.1995) ("[S]econd thoughts, no matter how well intentioned, are not the sort of error that Rule 35(c) was designed to remedy."). This strict limitation on the power of federal trial courts to reconsider a sentence after its imposition further reinforces the conclusion that prior federal decisions do not embody the appropriate rationale for interpreting Maryland Rule 4–345(b).

In sum, Greco was initially sentenced on January 30, 1984. He then filed a timely Motion for Reduction of Sentence. The Circuit Court for Baltimore County granted that motion on July 16, 1992, thereby tolling for 90 days the deadline by which Greco had to file another motion to modify or reduce sentence pursuant to Maryland Rule 4–345(b). Greco, in fact, did timely file such a motion. Thus, the trial court erred as a matter of law by ruling that it did not have jurisdiction to consider the motion on the merits.

*JUDGMENT OF THE CIRCUIT COURT FOR BALTI-MORE COUNTY REVERSED, CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY BALTIMORE COUNTY.*

---

that was imposed as a result of arithmetical, technical, or other clear error.