749 A.2d 237

**STATE of Maryland**

v.

**Donald Keith KASPAR.**

**No. 1350, Sept. Term, 1999.**

Court of Special Appeals of Maryland.

April 4, 2000.

**460**

Shannon E. Avery, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Walter B. Dorsey, State's Atty. fir St. Mary's County, Leonardtown, on the brief), for appellant.

Michael V. Davis, Leonardtown, for appellee.

Argued before MOYLAN, DAVIS and EYLER, JJ.

EYLER, Judge.

On April 27, 1998, Donald Keith Kaspar, appellee, was charged with second degree rape, attempted second degree rape, child abuse, and three counts of fourth degree sexual offense. On September 10, 1998, pursuant to a plea agreement, appellee pleaded guilty to child abuse. In exchange for the plea, the State nol prossed the remaining charges.

The Circuit Court for St. Mary's County, pursuant to the plea agreement, sentenced appellee to five years with all but eighteen months suspended, to be served in the local detention center commencing on October 19, 1998, between the hours of 7:00 p.m. and 7:00 a.m. and all day on Sundays.

On October 2, 1998, the circuit court granted appellee's motion to reconsider his sentence and modified the commencement date from October 19, 1998 to November 23, 1998. The State did not object to that request. On December 21, 1998, the circuit court granted appellee's second motion for reconsideration, over the State's objection, allowing appellee to serve the remaining period of his sentence on home detention.

On June 2, 1999, appellee filed his third motion for reconsideration, requesting that the balance of his sentence be suspended due to the burden on his family, and particularly, on his wife who was ill. Over the State's objection, the circuit court, on June 21, 1999, granted the motion.

On appeal, the State contends that the circuit court erred because (1) appellee's third motion for reconsideration was not timely filed and (2) the sentence was imposed pursuant to a binding plea agreement. We agree with the State and shall reverse the judgment of the circuit court. Before doing so, however, we shall discuss the issue of appealability raised by appellee.

### Discussion

A. *The State's Right to Appeal.*

■ Md.Code (1974, 1995 Repl.Vol.), § 12–302(c) of the Courts and Judicial Proceedings Article (CJ), sets forth the

statutory authority for the State to appeal from a circuit court judgment in a criminal case. It provides in pertinent part:

(c) In a criminal case, the State may appeal as provided in this subsection.

(2) The State may appeal from a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code.

Appellee maintains that the statute sets forth two prerequisites for a viable state appeal: (1) the appeal must be from a final judgment and (2) the State must allege that the trial judge did not impose a sentence specifically mandated by the Code. Here, appellee asserts that the first prerequisite was not met, because the "final judgment" provision contemplates only direct appeals from the imposition of sentence, not from decisions on motions for modification or reduction of sentence. Appellee argues, therefore, that the state had no right to appeal from the circuit court's order granting appellee's motion for modification of sentence.

Appellee relies on *Chertkov v. State*, 335 Md. 161, 642 A.2d 232 (1994), for the proposition that action on a motion for modification or reduction of sentence is not a final judgment which is appealable. In *Chertkov*, a plea bargain was accepted by the circuit court and the court imposed a sentence in accordance with it. *Id.* at 165, 642 A.2d 232. The defendant, pursuant to Md. Rule 4–345(b), filed a timely motion for reconsideration of sentence. *Id.* The petitioner did not seek an immediate hearing, and the hearing did not take place until after the petitioner had completed the unsuspended portion of her sentence. *Id.* After her release, the defendant filed another pleading requesting the court to strike her previously entered guilty finding and impose probation before verdict. *Id.* The circuit court granted her motion. *Id.* The State appealed that ruling and we held that, under CJ § 12–302, the State had the statutory authority to appeal from the granting of the motion because the circuit court lacked authority to modify the binding plea agreement. *State v. Chertkov*, 95 Md.App. 104, 109, 619 A.2d 556 (1993). The Court of Appeals

dismissed the appeal, holding that CJ § 12–302 authorizes appeals from "direct appeals from final judgments disposing of cases", not "collateral challenges or motions." 335 Md. at 168, 642 A.2d 232.

In a Court of Appeals decision coming on the heels of *Chertkov, Cardinell v. State*, 335 Md. 381, 644 A.2d 11 (1994), a defendant filed a motion for revision of sentence within 90 days of sentencing, which was denied. *Id.* at 384, 644 A.2d 11. Four months after the denial, the defendant filed a second motion to revise his sentence, as a "supplemental" motion for revision of sentence. *Id.* Despite the labeling of the motion as "supplemental," the Court of Appeals held that the second motion was untimely and the lower court lacked authority to rule on it. *Id.* at 385, 644 A.2d 11. The Court of Appeals held that an "appeal will lie pursuant to common law principles that have not been abolished by the legislature." *Id.* at 386, 644 A.2d 11.

▪ Similarly, in the case *sub judice*, appellee's third motion for reconsideration was not timely filed. Therefore, the trial judge had no inherent or common law authority to reduce appellee's sentence. As the Court of Appeals has held, "the State's limited common law right of appeal ... was not abolished by the enactment of § 12–302 or subsequent amendments thereto." *Id.* at 397, 644 A.2d 11. Therefore, the appeal is properly before us.

### B. *Authority of Circuit Court to Modify.*

The State argues that the circuit court lacked the necessary authority to modify appellee's sentence. The Court of Appeals has held that where a motion to modify a sentence was untimely filed, the trial judge does "not enjoy a common law or inherent right to reduce or modify the legal sentence he ha[s] imposed." *Cardinell*, 335 Md. at 385, 644 A.2d 11. Md. Rule 4–345(b) states in pertinent part:

**Modification or reduction—Time for.** The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition ... in a circuit court,

whether or not an appeal has been filed. Thereafter, the court has revisory power and control over the sentence in case of fraud, mistake, or irregularity . . .

 Here, appellee filed an initial request to modify his sentence within the 90 day period. The request was unopposed by the State and granted by the court. Appellee filed a second request for modification which was also within the 90 day filing period, and although opposed by the State, was granted by the circuit court on December 21, 1998. Appellee made a third request to modify his sentence five months and 12 days later, on June 2, 1999.

In *Greco v. State*, 347 Md. 423, 701 A.2d 419 (1997), the Court of Appeals held that "when a sentencing court grants a timely request for modification or reduction of sentence, the defendant may file another request for modification or reduction of sentence within 90 days of the date of the subsequent imposition of sentence." *Id.* at 433, 701 A.2d 419. The Court held that the date of the modification of the sentence becomes the date of sentencing for the purpose of filing subsequent motions under Md. Rule 4–345(b). *Id.* It further held that when the sentencing court grants the timely motion and modifies the sentence, the 90 day period begins anew. *Id.* Once the 90 days passes, the sentencing court no longer has the jurisdiction to modify the sentence. *Cardinell*, 335 Md. at 384–86, 644 A.2d 11.

In that appellee's motion was filed five months and 12 days after the December 21, 1998, modification, the motion was not timely. Therefore, the lower court was acting without jurisdiction when it granted appellee's motion on June 21, 1999.

C. *Modification of Sentence Under a Plea Agreement.*

 The State argues that, even if appellee's motion for reconsideration had been timely filed and the sentencing court exercised proper jurisdiction, the court was wrong to reduce the sentence which had been imposed pursuant to a binding plea agreement. The State maintains that the Court of Appeals has held that a sentence imposed pursuant to a binding plea agreement may not be subsequently reduced without the

consent of the State. *Chertkov*, 335 Md. at 174–75, 642 A.2d 232. *See also State v. Sanders*, 331 Md. 378, 628 A.2d 209 (1993); *Dotson v. State*, 321 Md. 515, 583 A.2d 710 (1991). Here, the court suspended the balance of 11 months of home detention, over the objection of the State.

Md. Rule 4–243 states in pertinent part:

(a) **Conditions for Agreement.** The defendant may enter into an agreement with the State's Attorney for a plea of guilty or nolo contendere on any proper condition, including one or more of the following:

\* \* \* \*

(6) That the parties will submit a plea agreement proposing a particular sentence, disposition, or other judicial action to a judge for consideration pursuant to section (c) of this Rule.

\* \* \* \*

(c) **Agreements of sentence, disposition, or other judicial action.**

(1) Presentation to the Court. If a plea agreement has been reached pursuant to subsection (a)(6) of this Rule for a plea of guilty or nolo contendere which contemplates a particular sentence, disposition, or other judicial action, the defense counsel and the State's Attorney shall advise the judge of the terms of the agreement when the defendant pleads. The judge may then accept or reject the plea and, if accepted, may approve the agreement or defer decision as to its approval or rejection unless after such presentence proceedings and investigation as the judge directs.

(2) Not Binding on the Court. The agreement of the State's Attorney relating to a particular sentence, disposition, or other judicial action is not binding on the court unless the judge to whom the agreement is presented approves it.

(3) Approval of Plea Agreement. If the plea agreement is approved, the judge shall embody in the judgment the agreed sentence, disposition, or other judicial action encom-

passed in the agreement or, with the consent of the parties, a disposition more favorable to the defendant than that provided for in the agreement.

In the case *sub judice,* the sentencing judge accepted the plea agreement in full and sentenced appellee to the following:

[Appellee] shall be sentenced to five (5) years incarceration, and all of that incarceration except eighteen (18) months shall be suspended. The said 18 months shall be served in the St. Mary's County Detention Center from 7:00 a.m. until 7:00 p.m. Monday through Saturday and all day Sunday. [Appellee's] sentence shall commence on October 19, 1998.

The agreement was binding and as the Court of Appeals has held, a court may not impose a disposition more favorable to the defendant without the consent of the State. *Chertkov,* 335 Md. at 172, 642 A.2d 232. Although the State in its plea agreement consented to one hearing, stating in Paragraph six of the agreement, "The State consents to a hearing for the purpose of considering [appellee's] request to modify his sentence," the State objected to his second and third request. The circuit court acted in contravention of Md. Rule 4–243.

**ORDER DATED JUNE 21, 1999 VACATED. COSTS TO BE PAID BY APPELLEE.**