843 A.2d 212

**Henry L. PITTS**

v.

**STATE of Maryland.**

**No. 2605, Sept. Term, 2002.**

Court of Special Appeals of Maryland.

March 1, 2004.

Deborah S. Richardson (Stephen E. Harris, Public Defender on the brief), Baltimore, for Appellant.

Sarah Page Pritzlaff (J. Joseph Curran, Jr., Atty. Gen. on the brief), Baltimore, for Appellee.

Panel: MURPHY, C.J., JAMES S. GETTY (Retired, specially assigned), and CHARLES E. MOYLAN, JR. (Retired, specially assigned), JJ.

MURPHY, Chief Judge.

In the Circuit Court for Frederick County, Henry L. Pitts, appellant, filed a motion for modification of sentence that was "dismissed" on the ground that the circuit court did not have jurisdiction to grant the requested relief. Appellant now presents one question for our review:

**Did the trial court err in determining that it lacked jurisdiction to hear appellant's Motion for Modification of Sentence?**

We answer that question in the affirmative and therefore remand this case to the circuit court for further proceedings.[1]

### Background

Appellant was convicted of first degree assault and possession of cocaine with the intent to distribute. He was sentenced on July 6, 1998. For the assault conviction, the court imposed a term of twenty-five years in the custody of the

---

1. In remanding, "we do not mean to suggest that a modification should be ordered; we are directing only that [the court] must *consider* whether [appellant's] sentence should be revised." *Coley v. State,* 74 Md.App. 151, 157, 536 A.2d 1166 (1988) (Emphasis in original).

Division of Correction, and suspended fifteen years of that sentence on condition that the defendant successfully complete a period of three years supervised probation upon his release from physical incarceration. For the drug conviction, the court imposed a concurrent term of ten years imprisonment to be served "without parole."

On June 12, 2000, the court granted appellant's first motion for modification of sentence,[2] and released him to an inpatient drug treatment program.[3] The ORDER OF COURT entered on that date, in pertinent part, provided:

> that the Defendant, Henry L. Pitts, ... be committed to the Department of Health and Mental Hygiene for drug rehabilitation at Second Genesis, pursuant to the Maryland Code, Annotated Health General, Subsection 8–507; and it is

* * *

> **FURTHER ORDERED** that, in the event the Defendant fails to complete the inpatient treatment program at Second Genesis, Inc., that an administrator of the facility shall immediately notify this Court, the State's Attorney's Office for Frederick County, and [the] attorney for the Defendant, and it is

> **FURTHER ORDERED** that upon completion of the Second Genesis Drug and Alcohol inpatient portion of the Program the Defendant shall be returned to the Circuit

---

2. Appellant filed a motion to modify his sentence on July 8, 1998, but the court did not rule on it until appellant requested a hearing in June of 2000. "The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition ... in a circuit court, whether or not an appeal has been filed. Thereafter, the court has revisory power and control over the sentence in case of fraud, mistake, or irregularity...." Md. R.Crim. Causes 4–345(b).

3. "If a court finds in a criminal case that a defendant has an alcohol or drug dependency, the court may commit the defendant as a condition of release, after conviction, or at any other time the defendant voluntarily agrees to treatment to the [Department of Health and Mental Hygiene] for inpatient residential, or outpatient treatment." MD.CODE ANN. HEALTH-GEN § 8–507 (2000) (references to the Health General Article will herein be to "HG").

Court for Frederick County, Maryland for further proceedings in the above captioned matter.

This Order is subject to the continuing jurisdiction of this Court.

Appellant absconded from treatment on March 23, 2001. He was ultimately apprehended and, on March 14, 2002, the court ordered that he resume serving the sentences that had been imposed on July 6, 1998. Within ninety days of that proceeding, appellant filed a motion to modify his sentence, asking for the opportunity to try drug treatment again at some point in the future.

The record shows that the following transpired during the hearing on appellant's "second" motion for modification:

[T]he hearing on March 14[, 2002] did not result in a new sentencing or a re-sentencing. It was just a finding that [appellant] did not complete the program. He was sent back to the Division of Correction.

\* \* \*

I find that the motion to modify filed in May did not give this Court jurisdiction to have any further modification, and ... what I'm really trying to do is give the ruling that you can ... appeal ...

\* \* \*

[The issue] I think is an appropriate one to take up. I actually encourage you to do so. It would not hurt to have more guidance from our appellate courts in this area.

This appeal followed.

### Discussion

██ A sentence is a fine, probation, or incarceration for the purpose to punish, rehabilitate, or deter a convicted criminal. *Ridgeway v. State,* 140 Md.App. 49, 61, 779 A.2d 1031 (2001). Rule 4–345 provides a trial court with the "power and control" to modify a sentence if a motion to do so is filed within ninety days of the imposition of the sentence. *State v.*

*Kaspar,* 131 Md.App. 459, 463–64, 749 A.2d 237 (2000). *See also McDonald v. State,* 314 Md. 271, 285, 550 A.2d 696 (1988) (noting that "the 90–day period runs from the time *any* sentence is imposed or reimposed upon revocation of probation.")

In *Coley v. State,* 74 Md.App. 151, 536 A.2d 1166, a case involving a violation of probation, this Court stated:

[W]hen a probation is revoked, the hearing court is returned "to the same position it occupied at the original sentencing of the defendant with one exception; the court may not impose a sentence greater than that which was originally imposed and suspended." It follows that if an order revoking a defendant's probation returns the hearing judge to the original sentencing status, then any sentence so imposed must have the effect of an original sentence. Because Rule 4–345(b) applies to any sentence, it must apply to a sentence which is imposed following a revocation of probation.

*Id.* at 156, 536 A.2d 1166 (quoting *Brown v. State,* 62 Md.App. 74, 77, 488 A.2d 502 (1985)).

■ Although different from probation, HG § 8–507 provides the trial court with a "sentencing option." *State v. Thompson,* 332 Md. 1, 11, 629 A.2d 731 (1993). *See also Clark v. State,* 348 Md. 722, 731, 705 A.2d 1164 (1998)(noting that "[b]ecause § 8–507 is a sentencing option, Petitioner's request to be placed in a drug treatment program is limited by the time constraints for modification or reduction of sentence contained in Rule 4–345.").

*Thompson* resolved the issue of whether a defendant who successfully completed a drug treatment program was required to serve the balance of a mandatory minimum sentence.[4] The State argued that, "while the defendant is enti-

---

**4.** The *Thompson* Court noted the importance of provisions that allow the sentencing judge to exercise discretion:

By providing for further criminal proceedings when a defendant's efforts at rehabilitation were unsuccessful and terminating criminal proceedings when they were successful, an incentive for committed defendants to rehabilitate themselves was provided.

tled to credit for time spent in drug treatment, once that credit is given, he must serve the balance of his sentence." 332 Md. at 8, 629 A.2d 731. The Court of Appeals rejected that argument, holding that the issue of whether a defendant must serve the remainder of a mandatory sentence is "within the trial court's discretion." *Id.* at 11, 629 A.2d 731. Discussing the legislative history, the *Thompson* Court noted that an earlier version of the applicable statute provided that, "[w]hen a commitment was terminated, whether because treatment was unsuccessful or the defendant was not a fit subject for treatment the defendant was referred 'to the court of his criminal conviction for the resumption of the pending criminal proceedings.' " *Id.* at 15, 629 A.2d 731 (quoting MD. ANN.CODE, art. 43B, § 12(c) and (d) (1967 Repl.Vol. & Cum.Supp.1969)).

In *Greco v. State,* 347 Md. 423, 701 A.2d 419 (1997), the Court of Appeals held that, under Md. Rule 4–345(b):

> when a sentencing court grants a timely request for modification or reduction of sentence, the defendant may file another request for modification or reduction of sentence within 90 days of the date of the subsequent imposition of sentence.

*Id.* at 433, 701 A.2d 419. Although neither the *Greco* Court or the *Thompson* Court addressed the precise issue presented in the case at bar, we are persuaded that when a trial court (1)

---

\* \* \*

Investing a trial court with discretion to determine the proper disposition when a defendant's commitment is terminated is not inconsistent with the notion that a defendant should have incentive to complete a drug treatment program. While a defendant may be more highly motivated to complete treatment if that defendant knew that no further criminal proceedings or sanctions would result, it does not follow that allowing a court to decide in each individual case whether additional consequences should obtain will provide no motivation.

\* \* \*

Had the Legislature intended a defendant who successfully completed a treatment program to serve the remainder of the mandatory sentence, it certainly would have expressly so provided ... *as it had done, in the case of unsuccessful defendants, in the prior legislation.* *Id.* at 18–19, 629 A.2d 731 (Emphasis supplied).

conducts a hearing at which it has authority to modify the terms of a defendant's confinement and/or probation, and (2) enters an order that modifies—in any way—the terms of the probation or sentence of confinement that the defendant was serving when that hearing began, the defendant has ninety days to request a modification of the order entered at that proceeding.[5]

HG § 8–507(f) does not automatically require "resumption" of criminal proceedings. This statute does require that the Department of Health and Mental Hygiene promptly notify the court when the defendant withdraws his consent for treatment, and § 8–507(j) requires notification to the court "as soon as it is reasonably possible" when a defendant leaves the DHMH facility without authorization. HG § 8–507 is, however, a sentencing option. Because (1) appellant was returned to court after he absconded from the Second Genesis program, and (2) the terms of confinement imposed by the circuit court on March 14, 2002 changed the terms of confinement that had been imposed on June 2, 2000, we are persuaded that a new sentencing event occurred on both of those days.

It is true that, as a result of what occurred on March 14, 2002, appellant is now serving the very same sentences that were originally imposed on July 6, 1998. The sentences "reimposed" on March 14,2002, however, changed the (modified) sentence that had been imposed on June 2, 2000. That is why we agree with appellant's contentions that (1) what occurred in open court on March 14, 2002 constituted a sentence that was subject to modification pursuant to Rule 4–345, and (2) he therefore had ninety days from that date to file a second motion for modification of sentence. Because Md. Rule 4–345 is applicable to the March 14, 2002 proceedings, the circuit court erred in concluding that it did not have

---

5. Maryland Rule 4–345 does not provide that a defendant has ninety days to request a further modification of sentence if the trial court has merely exercised its discretion to modify the sentence. If, however, the trial court *does* modify the sentence, appellant has ninety days to request a further modification.

jurisdiction to consider the motion for modification that appellant filed on May 16, 2002.

**JUDGMENT VACATED AND CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY FREDERICK COUNTY.**